CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Roanoke
SEP 20 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Paul Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY L. DOWDELL, | ) | |
| Petitioner, | ) | Civil Action No. 7:07CV00237 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Norman K. Moon |
| Respondent. | ) | United States District Judge |

Petitioner Terry L. Dowdell ("Dowdell"), a federal inmate proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss and Dowdell filed a timely Response,[1] thus making the underlying matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 3:02CR00107, the court finds that Dowdell waived his current claims in his plea agreement. Accordingly, the court finds that Respondent's Motion to Dismiss must be granted.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 19, 2002, Dowdell was named in a twenty-count information in the Western District of Virginia. All counts resulted from Dowdell's involvement in an international Ponzi scheme[2] while he was a resident of Charlottesville, Virginina. The information charged Dowdell

---

[1] Mary Dowdell, Petitioner's wife, filed a Response allegedly on Petitioner's behalf on August 8, 2007. However, as this Response was not signed by Petitioner, the court notified him by an August 22, 2007 Order that the Response filed by his wife would not be considered a part of the record until he acknowledged his responsibility for the arguments set forth in the Response. The court also granted Petitioner an extension of time due to the fact that he was in London, England testifying in a case. Petitioner responded by letter on September 12, 2007, confirming that he accepted responsibility for the Response filed by his wife.

[2] Ponzi schemes are a type of illegal pyramid scheme where money from new investors is used to pay off earlier investors until the whole scheme collapses. United States Securities and Exchange Commission Website (2001), http://www.sec.gov/answers/ponzi.htm.

with various financial crimes including one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5; eight counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and eleven counts of money laundering, in violation of 18 U.S.C. § 1957.

On that same date, Dowdell pleaded guilty to all twenty counts of the information, pursuant to a written plea agreement. Dowdell was represented by Robert D. Luskin and Frederick T. Heblich. The agreement indicated that Dowdell's sentence would be calculated according to the 2000 edition of the Federal Sentencing Guidelines Manual, and included a recommendation that Dowdell be sentenced within the range corresponding to a total offense level of 28.

After the execution of the guilty plea, a presentence investigation report was ordered. During the preparation of that report, the Probation Office determined that, because of the dates of the offenses, the 2002 edition of the Federal Sentencing Guidelines Manual should be applied. Relying on the 2002 Guidelines, the Probation Office recalculated Dowdell's guideline range and determined that his total offense level was 44, adjusted down to 43 because 43 is the highest offense level provided in the guidelines.[3] Ultimately, based on a total offense level of 43 and a criminal history category of I, Dowdell's applicable guideline range was determined to be life imprisonment.

Dowdell objected to the report, and requested that the court adhere to the recommendations of the plea agreement. Dowdell also moved the court for a downward departure. The court held an evidentiary hearing on May 30, 2003. Dowdell argued that the plea agreement was not a non-binding agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, but a

---

[3] In November of 2001, Dowdell's assets were frozen by court order. On February 5, 2003, Dowdell was found guilty of civil contempt when he violated that court order by transferring approximately $850,000 to friends and then back to himself. Accordingly, his offense level was increased by two levels for obstruction of justice and he was not given credit for acceptance of responsibility.

2

"hybrid" agreement under Rule 11(c)(1)(A) and 11(c)(1)(B), requiring the court to treat its provision independently. In a July 22, 2003 opinion, the court denied Dowdell's motion for a downward departure and ruled that Dowdell's agreement was entered into pursuant to Rule 11(c)(1)(B), and was therefore not binding on the court. Dowdell subsequently filed a motion for reconsideration or, in the alternative, moved to withdraw his plea agreement, arguing that the agreement was binding under Rule 11(c)(1)(C) because the agreement contained a stipulation that the 2000 edition of the Guidelines applied. The court denied the motion for reconsideration, but granted Dowdell the opportunity to withdraw his guilty plea and renegotiate the terms of his plea agreement. The court based this ruling on the fact that, due to the reliance on the incorrect edition of the Guidelines, Dowdell was improperly informed of the maximum sentence that he faced, and did not know that a guilty plea would mean life imprisonment. The court indicated that, based on that reliance, Dowdell's counsels' performance fell below an objective standard of reasonableness. On November 4, 2003, Dowdell's counsel made a motion for leave to withdraw as counsel. The court heard arguments concerning the motion on December 3, 2003, and denied the motion on December 10, 2003, noting that counsel's representation had been "exemplary and in the highest traditions of advocacy, save only the one unfortunate lapse in application of the Sentencing Guidelines . . . which occurred through the actions of both defense counsel and prosecuting counsel." (Resp't Attach. 7, Order 2.) Dowdell withdrew his guilty plea on December 19, 2003.

On May 11, 2004, Dowdell was charged in a superseding information with one count of securities fraud, in violation of 15 U.S.C. §§ 78j and 78ff; and one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. A revised presentence report was prepared to reflect the modified charges and the corresponding maximum statutory penalties. On June 22, 2004, Dowdell entered

3

a second guilty plea, this time a binding plea agreement pursuant to Rule 11(c)(1)(C), which provided that Dowdell would receive the statutory maximum penalty on each count for a total of 180 months imprisonment. On June 23, 2004, the court sentenced Dowdell to 180 months imprisonment and three years supervised release, in accordance with the terms of the plea agreement.

The court entered judgment on July 21, 2004. Dowdell filed his notice of appeal on July 27, 2004, arguing that the court had violated his due process rights by refusing to sentence him under the terms of the first plea agreement. Dowdell also argued that his plea was not knowingly and voluntarily entered but, rather, was coerced by the court's action in rejecting the sentencing recommendation in the first plea agreement. The United States Court of Appeals for the Fourth Circuit affirmed Dowdell's sentence on December 16, 2005, finding that his second guilty plea was voluntary and that the district court did not err because the first agreement contained only sentencing recommendations which were not binding on the court. The Supreme Court denied certiorari on June 6, 2006. Dowdell filed the current § 2255 Motion on May 4, 2007.

## II. STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Dowdell bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

4

Case 7:07-cv-00237-NKM-mfu    Document 18    Filed 09/20/07    Page 4 of 10    Pageid#: 338

## III. ANALYSIS

Dowdell alleges the following claims in his current § 2255 Motion:

(1) That the court denied him of his right to effective assistance of counsel by not allowing counsel to withdraw;

(2) That the court violated Federal Rule of Criminal Procedure 11 by participating in plea negotiations;

(3) That the court failed to comply with Federal Rule of Criminal Procedure 11 disclosure procedures;

(4) That Dowdell's due process rights were violated when the court rejected Dowdell's original plea agreement;

(5) That Dowdell's second guilty plea was not knowing and voluntary.

(Pet'r Writ Habeas at 3-4.)

### A. Waiver Issue

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he

5

discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the

waiver.[4] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Dowdell's guilty plea and waiver of § 2255 rights, the court must determine whether each of his § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Dowdell knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Dowdell specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Resp't Attach. 6, Plea Agreement 4.) The language and meaning of the § 2255 waiver is clear and unmistakable, and both Dowdell and his attorneys represented by their signatures on the plea agreement that Dowdell had been fully advised of, and understood, its terms. Dowdell further waived "any claim that I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." (Resp't Attach. 6, Plea Agreement 5.) Additionally, Dowdell does not dispute that he read and understood the collateral attack waiver provision nor does he claim that the waiver provision of that agreement is invalid.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a lengthy colloquy with Dowdell on June 22, 2004. During the plea colloquy Dowdell indicated to the court that he was fifty-seven years old, that he had completed some college, and that he was not under the influence of alcohol or of any drug that hampered his

---

[4] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

7

ability to understand the courtroom proceedings. The court reviewed with Dowdell the constitutional rights he forfeited by pleading guilty and Dowdell indicated that he understood the rights he was giving up. The court asked Dowdell whether he had read and understood the plea agreement, to which Dowdell gave an affirmative answer. Dowdell affirmed that he had been given ample opportunity to discuss the information, the plea agreement, and the sentencing guidelines with his attorneys and that he was fully satisfied with the counsel, representation, and advice given by his attorneys in the matter. In fact, the court questioned Dowdell several times concerning Dowdell's satisfaction with his attorneys. Dowdell indicated on each occasion that he was fully satisfied with their representation and that he had no questions about their performance. He denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise induced him to plead guilty. The court determined, at the conclusion of the plea colloquy, that Dowdell's plea was knowing and voluntary. The court also notes that this was Dowdell's second guilty plea which was entered after having the opportunity to withdraw his first guilty plea and renegotiate. Therefore, the court finds that Dowdell's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Accordingly, the court concludes that Dowdell's waiver of his right to bring a collateral attack under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Dowdell's claims are included within the scope of the waiver. After reviewing the record, the court finds that none of the factors that the Fourth Circuit applied in Attar are applicable here. See Attar, 38 F.3d at 732-33. All of Dowdell's claims pertain to times prior to Dowdell signing the plea agreement and, thus, could reasonably have been foreseen when he entered his plea. Dowdell does not claim that his sentence

8

of 180 months exceeded the statutory maximum for the charges for which he was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factors such as race. A claim of ineffective assistance of counsel at sentencing proceedings only falls outside the scope of the collateral attack waiver if the defendant has been completely deprived of counsel. Attar, 38 F.3d at 732-33. A claim that counsel was generally ineffective does not suggest that the defendant was wholly deprived of counsel and, thus, such claims do not fall outside the scope of the collateral attack waiver.[5] See Lemaster, 403 F.3d at 219-20. Therefore, Dowdell's claims fall within the scope of the plea agreement waiver and are, therefore, not cognizable claims for post conviction relief in a motion brought pursuant to § 2255. Accordingly, the court will grant Respondent's Motion to Dismiss and will deny Dowdell's Motion for relief pursuant to § 2255.[6]

---

[5] Even assuming that Dowdell's claim of ineffective assistance of counsel is excepted from the waiver, Claim (1) fails on the merits. Dowdell must prove that counsel's representation fell below "an objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). Disregarding the fact that Dowdell declared in open court on several different occasions, including after the court denied counsels' motion to withdraw, that he was satisfied with the representation of his attorneys, Dowdell fails to allege that he would have insisted on going to trial had counsel not relied on the incorrect Guidelines in relation to the first guilty plea. The record reveals that Dowdell was given the opportunity to withdraw his guilty plea but, instead of going to trial, he pleaded guilty again. Furthermore, Dowdell's general claims and conclusory allegations of ineffectiveness during plea negotiations are insufficient to state a claim under Strickland. United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004). Finally, Dowdell's claims of ineffective assistance concerning issues that his attorney allegedly should have appealed, is subject to the one-year statute of limitations set forth in § 2255 para. 6 and is properly denied as untimely unless the amendment relates back to a timely raised claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. Mayle v. Felix, 545 U.S. 644, 664 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. In this case, Dowdell's new ineffective assistance of counsel claims do not relate back to the claims raised in his initial § 2255 motion. Since Dowdell's conviction became final on June 6, 2006, and he did not file the new claims until his Response on August 8, 2007, the court finds that the claims are untimely. Moreover, the court finds that the claims have no merit. Accordingly, counsel is not ineffective for failing to raise legally frivolous arguments. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987).

[6] Moreover, the court notes that, even if they were not waived, Dowdell's remaining claims nevertheless fail for various procedural reasons. Claims (4) and (5), concerning the knowing and voluntary nature of his plea agreement, as well as his claim that the court violated due process, are barred as they were already litigated and addressed on appeal. Issues fully considered on direct appeal from conviction may not be recast under the guise of a collateral attack by way of motion to vacate or correct sentence. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The Court of Appeals for the Fourth Circuit determined that Dowdell's due process claim was meritless as the original plea

9

## IV. CONCLUSION

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Dowdell knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed. The United States has adhered to its part of the plea bargain. Granting Dowdell relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. Accordingly, the court will grant the Motion to Dismiss. An appropriate Order shall be issued this day.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to Petitioner and counsel of record for Respondent.

ENTER: This 20th day of September, 2007.

_____
United States District Judge

---

agreement and colloquy reflected only sentencing recommendations and, therefore, were not binding on the court. That court further acknowledged that Dowdell's subsequent guilty plea was voluntary. Even if the latter issue was not sufficiently considered by the Fourth Circuit as Dowdell contends, Dowdell's claim that he did not knowingly or voluntarily enter into the plea agreement and § 2255 waiver fails because his sworn statements directly contradict this assertion. These statements conclusively establish that he did not enter into the plea agreement with a misunderstanding of the risks accompanying his plea of guilty. Furthermore, Claims (2) and (3) of Dowdell's Motion, concerning alleged Rule 11 violations, are procedurally barred as neither of these claims were raised on direct appeal. See United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, Dowdell must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Dowdell illustrates neither prong in his extensive Motion and Response. Dowdell did raise a claim in his appeal brief similar to claim (3) concerning the binding nature of the agreement because of the court's failure to disclose the type of plea agreement pursuant to Rule 11 but, even if the court were to consider that claim as having been raised on direct appeal, the issue is barred as the Court of Appeals specifically indicated that the plea agreement was merely a recommendation and not binding upon the court.

Case 7:07-cv-00237-NKM-mfu   Document 18   Filed 09/20/07   Page 10 of 10   Pageid#: 344